NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2407-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

LORENZO SOLOMAN,

 Defendant-Appellant.
_______________________________

 Submitted May 25, 2017 - Decided June 28, 2017

 Before Judges Lihotz and Hoffman.

 On appeal from Superior Court of New Jersey,
 Law Division, Monmouth County, Indictment No.
 09-07-1492.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Alan I. Smith, Designated
 Counsel, on the brief).

 Christopher J. Gramiccioni, Monmouth County
 Prosecutor, attorney for respondent (Mary R.
 Juliano, Assistant Prosecutor, of counsel and
 on the brief; Vanessa L. Coleman, Legal
 Assistant, on the brief).

PER CURIAM
 Defendant Lorenzo Soloman appeals from an April 21, 2015

order denying his petition for post-conviction relief (PCR),

without an evidentiary hearing.

 On appeal, defendant argues:

 POINT I

 THE ORDER DENYING [PCR] SHOULD BE REVERSED AND
 THE MATTER REMANDED FOR AN EVIDENTIARY HEARING
 BECAUSE TRIAL COUNSEL'S FAILURE TO ADVISE
 DEFENDANT OF THE CONSEQUENCES THAT HIS GUILTY
 PLEA WOULD HAVE ON HIS ELIGIBILITY FOR SOCIAL
 SECURITY BENEFITS AND OTHER SERVICES FOR THE
 DEVELOPMENTALLY DISABLED SATISFIED PRIMA
 FACIE INEFFECTIVE ASSISTANCE OF COUNSEL
 CRITERIA.

 POINT II

 DEFENDANT MADE A PRIMA FACIE SHOWING OF
 INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL
 BECAUSE APPELLATE COUNSEL'S DECISION TO
 PRESENT DEFENDANT'S APPEAL BEFORE THE
 EXCESSIVE SENTENCE PANEL INSTEAD OF PURSUING
 A PLENARY APPEAL DEPRIVED DEFENDANT OF THE
 OPPORTUNITY TO ARGUE THAT THE TRIAL COURT
 ERRED IN DENYING THE APPLICATION TO ADJOURN
 THE SENTENCE IN ORDER TO PERMIT COUNSEL TO BE
 ASSIGNED TO PRESENT DEFENDANT'S MOTION TO
 WITHDRAW HIS GUILTY PLEA.

 POINT III

 THE ORDER DENYING POST-CONVICTION RELIEF
 SHOULD BE REVERSED BECAUSE IT VIOLATED
 DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF
 COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT
 TO THE UNITED STATES CONSTITUTION.

 We affirm.

 2 A-2407-15T1
 Defendant negotiated a guilty plea. The State agreed to

amend a charge for second-degree robbery, N.J.S.A. 2C:15-1 (count

one) to third-degree theft, N.J.S.A. 2C:20-2b(2)(d), and amend a

charge for second-degree aggravated assault, N.J.S.A. 2C:12-1b(1)

(count two) to third-degree aggravated assault. At sentencing,

defendant requested an adjournment to file a motion to withdraw

his guilty plea, asserting as a developmentally disabled adult the

consequences of the guilty plea were not understandably explained

to him by counsel. The request was opposed by the State, not only

because of a detailed factual basis taken when the plea was entered

two months earlier following an examination of defendant's mental

capacity, but also because defendant learned the victim passed

away, prejudicing the State's ability to prove his guilt. Further,

the judge noted one month earlier defendant was interviewed in

preparation of the pre-sentence report. He explained he remembered

exactly what he stated when he pled guilty, and was "standing by"

those statements. Defendant made no mention of desiring to

withdraw his plea, uttered no suggestion he did not understand the

process or counsel's advice, nor did he assert counsel provided

ineffective assistance.

 The judge imposed sentence substantially as recommended by

the plea agreement: on each count, thirty-eight days in the county

jail, which had been served, and three years probation, the two

 3 A-2407-15T1
sentences to run concurrently with each other and concurrent to a

municipal court sentence in Asbury Park. Applicable fines and

penalties were imposed.

 Defendant appealed from the imposed sentence. We affirmed

after review on this court's excessive sentencing oral argument

calendar, R. 2:9-11, on May 14, 2010.

 Defendant filed a timely petition for PCR. Counsel was

appointed and the trial judge conducted a hearing. See State v.

Parker, 212 N.J. 269, 275 (2012). PCR was denied for the reason

stated in a sixteen-page written opinion by Judge Ronald L.

Reisner, which we have reviewed in light of defendant's arguments,

the record, and applicable law.

 Defendant's assertion of "negative consequences" adversely

impacting his housing and employment assistance for the

developmentally disabled does not support the first of the two-

prong test required for PCR. See Strickland v. Washington, 466

U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984);

State v. Fritz, 105 N.J. 42, 58 (1987). The trial judge considered

defendant's mental status, which was investigated and verified

prior to plea and discussed at this hearing. Counsel communicated

with the Division of Developmental Disabilities and information

was provided related to the criminal matter. Defendant does not

articulate what issues, if any, counsel failed to address. Nor

 4 A-2407-15T1
does he describe adverse effects he suffered as a consequence of

his plea.

 Also, where defendant's allegations "are too vague,

conclusory or speculative . . . an evidentiary hearing need not

be granted." State v. Marshall, 148 N.J. 89, 158, cert. denied,

522 U.S. 850, 118 S. Ct. 140, 139 L. Ed. 2d. 88 (1997) (citations

omitted).

 We find no merit to the arguments presented by defendant in

this appeal. R. 2:3-11(e)(2). We affirm substantially for the

reasons stated by Judge Reisner in his opinion.

 Affirmed.

 5 A-2407-15T1